UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Major Benjamin D. Samia,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Hudson by Altova, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:25-cv-00983-JAD-BNW<br><br>**ORDER** |

    Pro se plaintiff Major Benjamin D. Samia brings this lawsuit regarding employment discrimination. Plaintiff also moves to proceed *in forma pauperis*. ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. *See also* LSR 1-1. Plaintiff's request to proceed *in forma pauperis*, therefore, will be granted.

    Further, as required by 28 U.S.C. § 1915(e)(2), the Court screened Plaintiff's operative complaint below. Plaintiff failed to allege a plausible claim for relief under any of the theories discussed in his complaint. Therefore, his complaint will be dismissed without prejudice but with leave to amend. Plaintiff must closely review this screening order and file an amended complaint, if he wishes to proceed with this action, in accordance with the Court's instructions by July 24, 2025.

**I.　Major Samia's allegations and claims for relief**

    Plaintiff sues Stephen Kim, Chuck Janssen, Brandon Levell, Richard Marquez, and Hudson by Avolta. ECF No. 1-1 at 1. Plaintiff alleges that in October 2022 he was employed by Hudson by Altova. *Id.* According to Plaintiff, he was discriminated against based on his disability. *Id* at 7. Specifically, Plaintiff suffered from an accident during his "first tour," presumably in relation to his work in the military, which caused him to be disabled. *Id.* Despite

defendants being aware of his disability, Plaintiff was forced to clean roofs (which presumably is not compatible with Plaintiff's disability). *Id* at 7. Plaintiff further maintains he was forced to resign on March 1, 2024, in retaliation for his disability. *Id* at 5. Subsequently, Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC"), presumably related to the discrimination and retaliation Plaintiff underwent in relation to his disability. ECF No. 1-2. Based on these allegations, Plaintiff is pursuing relief in the form of monetary damages. ECF No. 1-1.

Plaintiff doesn't reference any federal law, statute, or code that has been violated. But Plaintiff does very clearly allege that he has been discriminated and retaliated against, and that such conduct stems from his disability. Thus, this court will proceed under the assumption that Plaintiff is attempting to make a claim under the Americans with Disabilities Act ("ADA").

**II.     Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**III.    Analysis**

    **A.  Americans with Disabilities Act**

The Americans with Disabilities Act ("ADA") prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The ADA applies to private employers. *Puckett v. Park Place Ent. Corp.*, 332 F. Supp. 2d 1349, 1352 (D. Nev. 2004).

Here, it appears that Plaintiff is attempting to allege an ADA claim under three theories: failure to accommodate, discrimination, and retaliation.[1]

    **1.  Failure to accommodate under the ADA**

For a plausible failure-to-accommodate claim under the ADA, Plaintiff must allege that: (1) he is disabled within the meaning of the ADA, (2) he is a qualified individual with a disability, (3) he requested an accommodation, (4) the employer knew of the requested accommodation, and (5) the employer failed to reasonably accommodate his disability. *Pham v. Las Vegas Superstore, Inc.*, 2015 WL 1906345, at *2 (D. Nev. Mar. 12, 2015) (citing *Sanders v. Arneson*, 91 F.3d 1351, 1353 (9th Cir. 1996)). "Generally, an employee must initially request the accommodation, but if the employer knows the employee is disabled and [is] having workplace

---

[1] The necessary elements of an ADA claim can differ based on context, "in part because a prima facie case is an evidentiary standard, not a pleading requirement." *U.S. Equal Employment Opportunity Comm'n v. MCJ, Inc.*, 306 F. Supp. 3d 1204, 1221 (D. Haw. 2018) (quotations and citation omitted). Thus, while an ADA plaintiff may not be strictly bound by the elements of a prima facie case, those elements are a useful tool in assessing whether a complaint meets Rule 8's pleading standard. *Id.*

1  problems as a result, it may not be required the employee make the initial request." *Id.* (citing

2  *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1188 (9th Cir. 2001)).

3        The ADA defines a "disability" as: "(A) a physical or mental impairment that

4  substantially limits one or more of the major life activities . . . ; (B) a record of such an

5  impairment; or (C) being regarded as having such an impairment." *Puckett*, 332 F. Supp. 2d at

6  1352–53 (citing 42 U.S.C. § 12102(2)). Performing manual tasks, walking, standing, lifting,

7  bending, and working are all considered to be major life activities; however, Plaintiff's disability

8  must *substantially limit* one or more of these major life activities. 42 U.S.C. § 12102(2)(A).

9        In the present case, Plaintiff fails to state a viable failure-to-accommodate claim under the

10  ADA. Plaintiff gives no detail as to the nature of his disability; therefore, the Court cannot discern

11  whether Plaintiff's disability meets the first element. "It is not enough for [Plaintiff] to state, in

12  conclusory fashion, that he has a disability." *Lambdin v. Marriott Resorts Hospitality Corp.,* 2015

13  WL 263569, at *2 (D. Hawaii, 2015). The Ninth Circuit has explained that "[t]he ADA defines

14  'disability with specificity as a term of art. Hence, a person may be 'disabled' in the ordinary

15  usage sense, or even for purposes of receiving disability benefits from the government, yet still

16  not be 'disabled' under the ADA." *Sanders v. Arneson Products, Inc.,* 91 F.3d 1351, 1354 (9th

17  Cir. 1996). To be sure, Plaintiff "need not include any magical invocation of the 'prima facie

18  case' language" to meet Rule 8's pleading standard, but he "cannot leave his opponent and the

19  court with no information at all about whether or how he falls under the ADA." *Lambdin.*

20        Similarly, the Court cannot discern if the second element is fulfilled–whether Plaintiff is a

21  qualified individual under the ADA. A qualified individual under the ADA is "an individual who,

22  with or without reasonable accommodation, can perform the essential functions of the

23  employment position that such individual holds or desires." *Id.* Plaintiff does not assert that he

24  can perform the essential functions of his position, with or without reasonable accommodations.

25        Conversely, Plaintiff has sufficiently alleged the third and fourth elements of his claim.

26  While it is not clear if Plaintiff officially requested an accommodation, Plaintiff alleges his

27  employer knew of his disability. Plaintiff alleges that "they all know [that I am] disabled." As

28

explained previously, it isn't required that Plaintiff formally request an accommodation under the ADA.

Lastly, the Court turns to the fifth element, Defendants failure to provide modified duty in the workplace. The Court broadly construes Plaintiff's allegation that Defendants treated "[Plaintiff] like a slave" to mean that Defendants are not accommodating Plaintiff's disability. While additional detail may be required for Defendant to state a prima facie case later on, the facts currently alleged are sufficient to fulfill the fifth element at this preliminary stage. In sum, aside from the employer's knowledge of the disability, additional facts are required to meet two of the elements under the statute. As a result, this claim will be dismissed without prejudice, but with leave to amend.

### 2. General discrimination under the ADA

To state a colorable claim for disability discrimination under the ADA, Plaintiff must allege that he: (1) is a disabled person under the ADA, (2) is a qualified individual with a disability, and (3) suffered an adverse employment action because of his disability. *Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1092 (E.D. Cal. 2017).

Plaintiff has not alleged a plausible ADA discrimination claim. For the first element, the Court has already found that Plaintiff has insufficiently alleged the details of his disability. Likewise, and as previously stated, Plaintiff has not alleged facts to meet the second element, the qualification of Plaintiff's disability. Thus, Plaintiff fails to fulfill the first and second elements.

Lastly, the third element—whether Plaintiff suffered an adverse employment action—also requires additional facts. An adverse employment action "materially affects the compensation, terms, conditions, or privileges of . . . employment." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (brackets omitted). Plaintiff does allege he was discriminated against due to his disability, and that he was advised and forced to resign. As the Ninth Circuit held in *Murray v. Mayo Clinic,* 934 F.3d 1101, 1105 (9th Cir. 2019)*,* Plaintiff would need to allege facts that "show that the adverse employment action would not have occurred but for the disability." In layman's terms, Plaintiff would need to show that the adverse employment action would not have occurred if he had not been disabled.

Plaintiff has not alleged facts with enough detail to survive the screening standards above. This claim will also be dismissed without prejudice but with leave to amend.

### 3. Retaliation

ADA retaliation claims are analyzed under the same framework as Title VII retaliation claims. *Purcell v. Am. Legion*, 44 F. Supp. 3d 1051, 1056 (E.D. Wash. 2014). Therefore, to state a plausible ADA retaliation claim, plaintiff must allege: (1) involvement in a protected activity, (2) an adverse employment action, and (3) a but-for causal link between the two. *Arnold v. Pfizer, Inc.*, 970 F. Supp. 2d 1106, 1140 (D. Ore. 2013) (citing *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000)); *Gallagher v. San Diego Unified Port Dist.*, 14 F. Supp. 3d 1380, 1386 (S.D. Cal. 2014).

In the present case, Plaintiff explicitly states he has been fired in retaliation for his disability. However, more is required to properly plead this claim. As to the first element, Plaintiff must allege facts explaining how he engaged in a "protected activity." A protected activity "includes opposing any act or practice by the employer that violates the ADA and pursuing rights guaranteed by the statute like requesting a reasonable accommodation." *LeBarron v. Interstate Group, LLC*, 529 F.Supp.3d 1163, 1173 (D. Nev. 2021). Examples of protected activities include requesting an accommodation for his disability or filing the EEOC charge prior to his termination. *LeBarron v. Interstate Group, LLC*, 529 F.Supp.3d 1163, 1173 (D. Nev. 2021); *see also Pardi v. Kaiser Foundation Hospitals*, 389 F.3d 840, 850 (9th Cir. 2004).

However, Plaintiff does not allege any facts that support the notion that he engaged in protected activity prior to the adverse employment action he experienced—his termination. In addition, while he states he has been discharged, he does not properly allege the "but for" requirement of the third element. That is, he does not allege that were it not for engaging in protected activity (as to which facts are lacking) he would not have been fired.

In sum, Plaintiff's allegations are much too bare to support any claim of retaliation. Thus, the Court will dismiss this claim without prejudice but with leave to amend.

**IV.    Instructions for filing an amended complaint**

To help Plaintiff file a properly formatted complaint, the Court now advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure. Plaintiff is also advised that failure to comply with these rules when drafting and filing his amended complaint may result in this action being dismissed.

First, Plaintiff is advised that he must specify which claims he is alleging against which defendants. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Plaintiff still must give defendants fair notice of each of the claims she is alleging against each defendant. Specifically, he must allege facts showing how each named defendant is involved and the approximate dates of their involvement. Put another way, Plaintiff should tell the Court, in plain language, what each defendant did to his and when. "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Of note, there are several individuals listed in the caption of this complaint, but it is not clear what role each defendant played with regard to the allegations.

Second, Plaintiff's amended complaint must be short and plain. The simpler and more concise Plaintiff's complaint, the easier it is for the Court to understand and screen it. The Federal Rules also require this. Under Federal Rule of Civil Procedure 8, Plaintiff's amended complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

Third, Plaintiff's amended complaint must be complete in and of itself. If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete by itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that

for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file his amended complaint on this Court's approved form, which the Clerk of Court will send to Plaintiff.

## V.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

**IT FURTHER ORDERED** that the Clerk of Court detach the complaint at ECF No. 1-1and file it on the docket.

**IT FURTHER ORDERED** that Plaintiff's complaint is dismissed without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to file an amended complaint, he must do so by **July 24, 2025**. If Plaintiff chooses not to amend his complaint, this Court will recommend that the case be dismissed.

DATED: June 24, 2025

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE