#### UNITED STATES DISTRICT COURT

#### DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Major Benjamin D. Samia,<br><br>  Plaintiff,<br><br>  v.<br><br>Hudson By Alvota, et al.,<br><br>  Defendants. | Case No. 2:25-cv-00983-JAD-BNW<br><br>**Order** |

      Pro se plaintiff Major Samia brings this lawsuit regarding alleged discriminatory practices which presumably took place at his place of employment. He moves to proceed *in forma pauperis*. ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. As a result, his request to proceed *in forma pauperis* therefore will be granted. This Court now screens his complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

**I.    ANALYSIS**

    **A.    Screening standard**

      Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.    Screening the complaint**

Plaintiff alleges defendants have discriminated against him based on his disability, dismissed him without due process, and forced him to resign.

Even liberally construing the complaint, this Court finds plaintiff does not state a claim against any of the defendants mentioned in the complaint. That is because he does not provide sufficient factual allegations as to the claims in question. Without additional factual allegations regarding the underlying dispute, this Court cannot evaluate whether plaintiff's complaint states a claim against defendants.

The Americans with Disabilities Act ("ADA") prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The ADA applies to private employers. *Puckett v. Park Place Ent. Corp.*, 332 F. Supp. 2d 1349, 1352 (D. Nev. 2004).

It appears plaintiff wishes to allege claims for ADA discrimination and ADA retaliation. This Court will provide plaintiff with the elements as to each of these claims so that he may allege facts as to each of the different elements.

**1.    ADA Discrimination**

To state a colorable claim for disability discrimination under the ADA, plaintiff must allege that plaintiff: (1) is a disabled person under the ADA; (2) is a qualified individual with a disability; and (3) suffered an adverse employment action because of plaintiff's disability. *Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1092 (E.D. Cal. 2017).

### 2. ADA Retaliation

ADA retaliation claims are analyzed under the same framework as Title VII retaliation claims. *Purcell v. Am. Legion*, 44 F. Supp. 3d 1051, 1056 (E.D. Wash. 2014). Therefore, to state a plausible ADA retaliation claim, plaintiff must allege: (1) involvement in a protected activity; (2) an adverse employment action; and (3) a but-for causal link between the two. *Arnold v. Pfizer, Inc.*, 970 F. Supp. 2d 1106, 1140 (D. Ore. 2013) (citing *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000)); *Gallagher v. San Diego Unified Port Dist.*, 14 F. Supp. 3d 1380, 1386 (S.D. Cal. 2014).

### 3. Instructions for amendment

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement describing the underlying case and each defendant's involvement in the case. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, plaintiff still must give each defendant fair notice of his claims against them and of his entitlement to relief.

In addition, plaintiff must look at the elements for each of his claims closely and allege facts as to each of the elements. Should he not allege facts as to each of the different elements, his claims will be dismissed.

Additionally, plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. This Court cannot refer to a prior pleading or other documents to make his amended complaint complete.

## II.   CONCLUSION

IT IS THEREFORE ORDERED that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

IT IS FURTHER ORDERED that the clerk of court must detach and separately file Prado's complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that plaintiff's complaint be dismissed without prejudice.

IT IS FURTHER ORDERED that the deadline to file an amended complaint is October 6, 2025.

DATED: September 4, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE