**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Major Benjamin D. Samia, | Case No. 2:25-cv-00983-JAD-BNW |
| Plaintiff, | |
| v. | **Order** |
| Hudson By Avolta, et al., | |
| Defendants. | |

Pro se plaintiff Major Benajmin D. Samia brings this lawsuit regarding alleged discriminatory practices which presumably took place at his place of employment. This Court previously screened his complaint and explained what needed to be done in order to state his proposed claims. ECF No. 4. Plaintiff filed a proposed amended complaint. ECF No. 7. This Court now screens his amended complaint.

**I.    ANALYSIS**

**A.  Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.  Screening the Complaint**

Plaintiff alleges Defendants have discriminated against him. Even liberally construing the complaint, this Court finds Plaintiff does not state a claim against any of the defendants mentioned in the complaint. That is because he does not provide sufficient factual allegations as to the claims in question. His complaint is hard to discern. As explained in the past order, the court cannot evaluate whether Plaintiff's complaint states a claim against Defendants. Below are the elements for each of the claims this Court believes Plaintiff is attempting to assert. Plaintiff must provide factual allegations as to each of those elements to assert a claim.

**1.  ADA Discrimination**

To state a colorable claim for disability discrimination under the ADA, a plaintiff must allege that he or she: (1) is a disabled person under the ADA; (2) is a qualified individual with a disability; and (3) suffered an adverse employment action because of the disability. *Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1092 (E.D. Cal. 2017).

**2.  ADA Retaliation**

ADA retaliation claims are analyzed under the same framework as Title VII retaliation claims. *Purcell v. Am. Legion*, 44 F. Supp. 3d 1051, 1056 (E.D. Wash. 2014). Therefore, to state a plausible ADA retaliation claim, a plaintiff must allege: (1) involvement in a protected activity; (2) an adverse employment action; and (3) a "but-for" causal link between the two. *Arnold v. Pfizer, Inc.*, 970 F. Supp. 2d 1106, 1140 (D. Ore. 2013) (citing *Brooks v. City of San Mateo*, 229

F.3d 917, 928 (9th Cir. 2000)); *Gallagher v. San Diego Unified Port Dist.*, 14 F. Supp. 3d 1380, 1386 (S.D. Cal. 2014).

### 3.    Instructions for Amendment

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement describing the underlying case and each Defendant's involvement in the case. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give each Defendant fair notice of his claims against them and of his entitlement to relief.

In addition, Plaintiff must look at the elements for each of his claims closely and allege facts as to each of the elements. If he fails to allege facts as to each of the different elements, his claims will be dismissed.

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The court cannot refer to a prior pleading or other documents to make his amended complaint complete.

The court will allow Plaintiff one last chance to amend his complaint.

## II.    CONCLUSION

**IT IS THEREFORE ORDERED** that the amended complaint is dismissed without prejudice.

**IT IS FURTHER ORDERED** that the deadline to file a second amended complaint is August 5, 2026. Failure to file a second amended complaint by that deadline may result in the dismissal of the case.

DATED: July 8, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE