**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Major Benjamin D. Samia,

Plaintiff,

v.

Hudson By Alvota, et al.,

Defendants.

Case No. 2:25-cv-00983-JAD-BNW

**Order**

Pro se Plaintiff Major Samia brings this lawsuit regarding alleged discriminatory practices which presumably took place at his place of employment. This Court screened two prior complaints and explained what needed to be done in order to state his proposed claims. ECF Nos. 4, 14. Plaintiff filed a proposed second amended complaint. ECF No. 15. This Court now screens his amended complaint.

**ANALYSIS**

**A. Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the complaint**

Plaintiff's second amended complaint does not attempt to remediate any of the concerns identified in the previous orders. Instead, he makes clear that no revision to the original complaint is needed and that no "mistake was made" in it. ECF No. 15.

Unfortunately, the second amended complaint does not state a claim against defendants. As a result, the second amended complaint will be dismissed. This Court will provide him *one last chance* to amend his complaint. Of note, this Court has already provided him the elements for each of the potential claims he may be attempting to bring and instructed him to provide facts that support each of those elements. ECF Nos. 4, 14. This Court will attach those orders so that Plaintiff can be guided by them if he chooses to amend his complaint.

**C. Instructions for amendment**

If Plaintiff chooses to file a third amended complaint, the document must be titled "Third Amended Complaint." The third amended complaint must contain a short and plain statement describing the underlying case and each defendant's involvement in the case. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, plaintiff still must give each defendant fair notice of his claims against them and of his entitlement to relief.

In addition, Plaintiff must look at the elements for each of his claims closely and allege facts as to each of the elements. At this juncture, should he not allege facts as to each of the different elements, this Court will recommend that his claims be dismissed with prejudice.

Additionally, Plaintiff is advised that if he files a third amended complaint, the previous complaints no longer serve any function in this case. As such, the third amended complaint must be complete in and of itself without reference to prior pleadings or other documents. This Court cannot refer to a prior pleading or other documents to make his amended complaint complete.

## I. CONCLUSION

**IT IS THEREFORE ORDERED** that the second amended complaint (ECF No. 15) is dismissed without prejudice.

**IT IS FURTHER ORDERED** that the deadline to file a third amended complaint is October 26, 2026. Failure to file a second amended complaint by that deadline may result in the dismissal of the case.

**IT IS FURTHER ORDERED** that the Clerk of Court attach ECF Nos. 4 and 14 to this order.

DATED: September 23, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE